IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sam C. Agee, Jr. and Elisbeth M. Agee, Zachery O. Atkinson and Katherine Z. Atkinson, Michael Barb and Margaret Barb, Rhett Brewer, Mary Hazel Brodie, Charles E. Carpenter and Nancy Carpenter, John Caskey and Louise Caskey, Aaron Dupree and Amy Dupree, Lisa Marie Johnson and Michael Haley, James Harrington and Ann Harrington, Ken Holmes, Marshall B. Martin and Amanda Martin, Walt Oliver, Michael Parker and Eugenie Parker, Lee Schraibman, Jasper W. Shuler, Cynthia Snell, Jason Snyder and Suzanne Snyder and Paul Truesdale,<br><br>        Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>        Defendant. | Civil Action No. 3:17-cv-00716-JMC<br><br><br><br><br><br><br><br><u>**ORDER**</u> |

Plaintiffs above-named collectively filed this action seeking money damages from Defendant United States of America for the destruction caused to their homes by flood water released when the Semmes Lake Dam was breached in October 2015. (ECF No. 1 at 4–7.)

As they litigated this matter, Plaintiffs' counsel–W. Jones Andrews, Jr., John G. Felder, Jr., Chad A. McGowan and Jordan Calloway of McGowan Hood and Felder, LLC–reached the conclusion that the case could not proceed any further because their retained experts were unable to make a connection between the water that flooded Plaintiffs' property and the water that was released from the Semmes Lake Dam on the campus of the Fort Jackson United States Army Installation. (See, e.g., ECF No. 34-1 at 1.) Thereafter, Plaintiffs' counsel determined that they could no longer pursue claims on behalf of any Plaintiffs seeking to continue to litigate this

1

matter. Accordingly, on October 16, 2017, Plaintiffs' counsel filed Motions for Withdrawal of Appearance and to Stay Proceedings as to remaining Plaintiffs, Sam C. Agee, Jr., Elisbeth M. Agee, James Harrington, Ann Harrington and Ken Holmes (collectively "Plaintiffs").[1] (ECF Nos. 41, 44–45.)

This court's local rules allow a party to object to the withdrawal of counsel. See Local Civ. Rule 83.I.07 (D.S.C.). As a result, the court entered an Order to Show Cause (ECF No. 48) on October 23, 2017, to create an opportunity for Plaintiffs to state any objection to their attorneys' request to withdraw on the record.[2] On November 6, 2017, the court held a show cause hearing regarding the Motions to Withdraw. Plaintiffs' counsel set forth on the record the manner in which Plaintiffs were served with the Order to Show Cause and notice of the show cause hearing. No Plaintiffs appeared at the November 6, 2017 hearing to object to counsel's Motion to Withdraw.

Upon consideration of counsel's reasons for withdrawal and the lack of objection from Plaintiffs, the court **GRANTS** the Motions to Withdraw of Plaintiffs' counsel. (ECF Nos. 41, 44–45.) The court advises Plaintiffs Sam C. Agee, Jr., Elisbeth M. Agee, James Harrington, Ann Harrington and Ken Holmes that they will have to either substitute counsel or notify the court of their intention to proceed pro se by December 6, 2017. In this regard, the court instructs Plaintiffs that any failure to move the case forward after December 6, 2017, could result in the dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 41(b), which provides as follows:

---

[1] The court observes that Plaintiffs' counsel had also moved to withdraw from representation of Plaintiffs Rhett Brewer and Mary Hazel Brodie. (ECF Nos. 42 & 43.) However, these Plaintiffs agreed to dismiss their cases. (See ECF No. 50.) As a result of the foregoing, the court **DENIES AS MOOT** these Motions to Withdraw. (ECF Nos. 42 & 43.)

[2] Additionally, the court required Plaintiffs' counsel to serve a copy of the Order to Show Cause on Plaintiffs, which proof of service was filed on CM/ECF. (See ECF Nos. 52–54.)

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In light of the foregoing, the court **DIRECTS** the Clerk of Court to mail a copy of this Order to Plaintiffs Agee, Harrington and Holmes.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 6, 2017
Columbia, South Carolina