IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sam C. Agee, Jr. and Elisbeth M. Agee, Zachery O. Atkinson and Katherine Z. Atkinson, Michael Barb and Margaret Barb, Rhett Brewer, Mary Hazel Brodie, Charles E. Carpenter and Nancy Carpenter, John Caskey and Louise Caskey, Aaron Dupree and Amy Dupree, Lisa Marie Johnson and Michael Haley, James Harrington and Ann Harrington, Ken Holmes, Marshall B. Martin and Amanda Martin, Walt Oliver, Michael Parker and Eugenie Parker, Lee Schraibman, Jasper W. Shuler, Cynthia Snell, Jason Snyder and Suzanne Snyder and Paul Truesdale,<br><br>      Plaintiffs,<br>v.<br><br>United States of America,<br><br>      Defendant. | Civil Action No. 3:17-cv-00716-JMC<br><br><br><br>**ORDER** |

  Plaintiffs above-named collectively filed this action seeking money damages from Defendant United States of America for the destruction caused to their homes by flood water released when the Semmes Lake Dam was breached in October 2015. (ECF No. 1 at 4–7.) This matter is before the court pursuant to Plaintiffs Sam C. Agee, Jr. and Elisbeth M. Agee's (together the "Agees") unopposed pro se Motion to Dismiss. (ECF No. 65.)

  As they litigated this matter, Plaintiffs' counsel–W. Jones Andrews, Jr., John G. Felder, Jr., Chad A. McGowan and Jordan Calloway of McGowan Hood and Felder, LLC–reached the conclusion that the case could not proceed any further because their retained experts were unable to make a connection between the water that flooded Plaintiffs' property and the water that was released from the Semmes Lake Dam on the campus of the Fort Jackson United States Army Installation. (*See, e.g.*, ECF No. 34-1 at 1.) Thereafter, Plaintiffs' counsel determined that they

1

could no longer pursue claims on behalf of any Plaintiffs seeking to continue to litigate this matter. Accordingly, on October 16, 2017, Plaintiffs' counsel filed Motions for Withdrawal of Appearance and to Stay Proceedings as to remaining Plaintiffs, the Agees, James Harrington, Ann Harrington and Ken Holmes. (ECF Nos. 41, 44–45.) On November 6, 2017, the court granted the Motions to Withdraw of Plaintiffs' counsel (*id.*) and directed Plaintiffs Harrington, Holmes and Agees that they would have to either substitute counsel or notify the court of their intention to proceed pro se by December 6, 2017. (ECF No. 57.) Thereafter, on February 7, 2018, the Agees filed the instant Motion to Dismiss. (ECF No. 65.)

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a court to dismiss an action without prejudice at any time at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted). In this regard, "[a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) (citation omitted).

Upon consideration of the foregoing, the court observes that there does not appear to be any prejudice to the United States if the Agees' Motion is granted. Therefore, the court concludes that the Agees should be allowed to voluntarily dismiss their claims against the United States. Accordingly, the court **GRANTS** the Agees' Motion (ECF No. 65) and **DISMISSES** this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

February 23, 2018
Columbia, South Carolina