IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sam C. Agee, Jr. and Elisbeth M. Agee, Zachery O. Atkinson and Katherine Z. Atkinson, Michael Barb and Margaret Barb, Rhett Brewer, Mary Hazel Brodie, Charles E. Carpenter and Nancy Carpenter, John Caskey and Louise Caskey, Aaron Dupree and Amy Dupree, Lisa Marie Johnson and Michael Haley, James Harrington and Ann Harrington, Ken Holmes, Marshall B. Martin and Amanda Martin, Walt Oliver, Michael Parker and Eugenie Parker, Lee Schraibman, Jasper W. Shuler, Cynthia Snell, Jason Snyder and Suzanne Snyder and Paul Truesdale,<br><br>      Plaintiffs,<br><br>  v.<br><br>United States of America,<br><br>      Defendant. | Civil Action No. 3:17-cv-00716-JMC<br><br><br><br>**ORDER** |

Plaintiffs[1] above-named collectively filed this action alleging claims for negligence and trespass against Defendant United States of America (the "Government") for the destruction caused to Plaintiffs' homes by flood water released when the Semmes Lake Dam at Fort Jackson was breached in October 2015. (ECF No. 1.)

This matter is before the court on the Government's unopposed Motion for Summary Judgment against All Pro Se Plaintiffs pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 71.) In support of its Motion, the Government asserts that "[b]ecause the pro se Plaintiffs require expert testimony in order to prove that any negligence related to the maintenance of the Fort Jackson dams caused their damages, and no expert testimony supports

---

[1] After the filing of various Stipulations of Dismissal with Prejudice (ECF Nos. 46, 50) and the entry of an Order granting a Motion to Dismiss (ECF No. 68), the remaining Plaintiffs in this action are James Harrington, Ann Harrington, and Ken Holmes. The aforementioned Plaintiffs are pro se.

that conclusion, those Plaintiffs cannot establish negligence as a matter of law, and summary judgment must be entered in favor of Defendant." (ECF No. 71-1 at 3.) The Government further asserts that in contrast to its expert, Mark Woodbury, who is able to show "water levels at individual properties and the amount of water each property would have received if the spillway capacity of the Semmes Lake dam had been increased" (*id.* at 7), "[n]o pro se Plaintiff has provided an expert report or expert disclosure to Defendant's counsel and . . . have all failed to timely identify expert testimony supporting causation." (*Id.*) Plaintiffs did not file a response to the Government's Motion for Summary Judgment.

Upon review, the court observes that, to survive summary judgment, Plaintiffs' claims for negligence and trespass require evidence demonstrating that the Government's actions proximately caused their injuries. *E.g.*, *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 82 (S.C. 1998) ("To establish a cause of action in negligence, three essential elements must be proven: (1) duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty.") (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292 (S.C. 1996)); *Snow v. City of Columbia*, 409 S.E.2d 797, 802 (S.C. Ct. App. 1991) ("To constitute an actionable trespass, however, there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion.") (citation omitted). The court further observes that the record does not contain any admissible evidence that the Government proximately caused the flooding which damaged Plaintiffs' property in October 2015. In this regard, the court agrees with the Government that Plaintiffs' failure to submit their own expert testimony is catastrophic to their ability to prove causation as to their pending claims. Therefore, upon consideration of the entire record and the unopposed arguments of the Government, the court hereby **GRANTS** the United States of America's Motion for Summary Judgment. (ECF No. 71.)

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*
United States District Judge

September 5, 2018
Columbia, South Carolina